**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0462n.06
Filed: June 3, 2005

No. 04-1594

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

KIMBERLY COCHRAN,
     *Plaintiff-Appellant,*

     v.

UNITED PARCEL SERVICE, INC.,
     *Defendant-Appellee*.

     On Appeal from the
     United States District Court for
     the Eastern District of Michigan

_____/

Before: KENNEDY and COOK, Circuit Judges; VARLAN, District Judge[*]

**Kennedy, J.** Plaintiff Kimberly Cochran appeals the district court's grant of summary judgment to Defendant United Parcel Service, Inc. Plaintiff alleges that Defendant discriminated against her in violation of the Michigan Persons with Disabilities Civil Rights Act (PDCRA), M.C.L. § 37.1101, 37.1202 by reassigning her to a different, less favorable, position out of the public eye because she wore knee braces. Because Plaintiff complains of discrimination outside of the statute of limitations and because she waived her other arguments, we affirm the judgment of the district court.

**BACKGROUND**

Plaintiff Kimberly Cochran was employed by Defendant United Parcel Service as a part-time air driver beginning April 21, 1993. In August of 1996, a doctor diagnosed Plaintiff with Retropatellar Pain Syndrome in her knees. This syndrome required Plaintiff to wear knee braces.

_____

[*] The Honorable Thomas A. Varlan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Plaintiff claims that her supervisor demanded that she remove her braces due to the fact that she interacted with the public in her position as an air driver and because the braces put Defendant in a bad light. Plaintiff's braces were visible because, in warm weather, she wore shorts as part of her uniform.

After the alleged confrontation, Plaintiff was removed from her position and reassigned as a loader in a warehouse. This position required substantial physical exertion and climbing. Plaintiff claims that the sole reason for this reassigment was to punish her for wearing knee braces as part of Defendant's discriminatory policy towards her.

While working in the warehouse, on May 5, 1998, Plaintiff fell from a distance of three to six feet and injured her buttocks, back, and head. Plaintiff was off work after the injury. On July 10, 1998, a doctor cleared her to return to work. She disagreed with the doctor's opinion that she was able to return to work, and, with the assistance of her Teamsters Union representative, she filed a grievance against Defendant. The grievance was resolved when all parties agreed that Plaintiff would receive another medical examination by a mutually designated doctor. Plaintiff received that medical examination on October 22, 1998. That examination also indicated that Plaintiff could return to work, and accordingly, Plaintiff returned to work on November 23, 1998.

Plaintiff returned to work as an air driver wearing her knee braces. Although Plaintiff claims that her supervisor was not pleased that she had returned and questioned her related to her knee braces, she was allowed to work as an air driver because she was wearing long pants. During her

2

shift, Plaintiff informed her supervisor that she had aggravated her back injury. She did not return to work after that one shift. Defendant terminated her by letter on November 25, 1998.[1]

On October 5, 2001, Plaintiff filed suit in state court alleging that Defendant discriminated against her in violation of the PDCRA due to her use of knee braces. Plaintiff pointed to the alleged altercation with her supervisor, her transfer to the warehouse job on May 5, 1998, and the manner in which she was treated when she returned as evidence of Defendant's discriminatory policy on her use of knee braces. Based on diversity of citizenship, Defendant removed this action to the Eastern District of Michigan, when, in response to interrogatories, Plaintiff claimed over $75,000 in damages. Plaintiff is a citizen of Michigan and Defendant is a corporation organized under the laws of Ohio with its principal place of business in Georgia.

Defendant filed a motion for summary judgment and a motion for a stay of discovery. After granting Defendant's motion for a stay of discovery, the district court determined that Plaintiff's suit was barred by the three-year statute of limitations of the PDCRA. Plaintiff appeals the district court's decision with respect to the statute of limitations arguing that Defendant's actions constituted continuing discrimination. Plaintiff also appeals the district court's stay of discovery arguing that she was prevented from conducting discovery related to whether Defendant's reasons for firing her were a pretext.

## ANALYSIS

---

[1] Plaintiff filed a worker's compensation claim related to her May 5, 1998 fall and injury. In that claim, she alleged that she aggravated that injury on November 23, 1998. The Worker's Disability and Compensation Board of Magistrates (the "Board") conducted a three day hearing regarding Plaintiff's claims. At the hearing Plaintiff had the right to be represented by counsel and to present lay and expert witnesses. The Board ruled that Plaintiff's original neck injury ceased to be a disability on or around July 25, 1998 and that she failed to establish any disability after she returned to work in November.

3

A.      The Continuing Violations Theory

We review de novo the district court's holding that Plaintiff's claim was filed outside of the statute of limitations. *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (citing *Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 938 (6th Cir.1999)).  Under the PDCRA, any claim for liability must be brought within three years of the alleged discriminatory act.  M.C.L. § 600.5805(10).  Plaintiff alleges that the discriminatory acts she complains of occurred before May 5, 1998 (the date of Plaintiff's accident in the warehouse).  As a result, because Plaintiff did not bring her suit in state court until October 5, 2001, more than three years and five months after the alleged discrimination, absent tolling or some other theory extending the time period of the discrimination, Plaintiff's action is time barred.

Plaintiff offers no argument that the three year statute of limitations should be tolled.  Rather, Plaintiff claims that she was subject to continuing discrimination up until the time she was fired, citing the Michigan Supreme Court's decision in *Sumner v. Goodyear Tire & Rubber Comp.*, 398 N.W.2d 368, 381 (Mich. 1986).  The Michigan Supreme Court, however, in a recent decision, overruled *Sumner* and determined that the continuing violations doctrine is inapplicable to acts that occur outside of the three year statute of limitations.  *Garg v. Macomb County Cmty. Mental Health Serv.*, Case No. 121361 (Mich. May 11, 2005) ("Therefore, we overrule *Sumner* and hold that person must file a claim under the Civil Rights Act within three years of the date his or her cause of action accrues, as required by § 5805(10).  That is 'three years' means three years.  An employee is not permitted to bring a lawsuit for employment acts that accrue beyond this period because the legislature has determined that such claims should not be permitted." (footnote omitted)).  Plaintiff, mindful of the Michigan Supreme Court's

4

overruling of *Sumner*, abandoned her position on the continuing violations doctrine at oral argument. Thus, there is no need to further address Plaintiff's arguments on this point. The district court did not err in granting Defendant summary judgment with respect to acts that occurred outside of the three year statute of limitations.

B.    Plaintiff's argument on pretext

In her brief on appeal, Plaintiff argues for the first time that the district court should have denied Defendant summary judgment because a jury could infer from the available evidence that Defendant's reason for firing her was prextual. Plaintiff asserts that Defendant offered three different reasons within one week for firing her. Pl. Br. at 16. Plaintiff alleges that the real reason Defendant fired her was due to her continued use of knee braces. She alleges that Defendant asked one of her treating physicians to make a medical finding that she did not need to wear knee braces and that she obtained another prescription from her doctor for the knee braces in response to that medical finding. Plaintiff, however, did not make this argument in the district court.

Issues raised for the first time on appeal are typically not properly before this court absent exceptional circumstances, where resolution of the issue is clear or beyond doubt, or when application of the waiver rule would produce a miscarriage of justice. *See Foster v. Barlow*, 6 F.3d 405, 407 (6th Cir. 1993); *Taft Broad. Co. v. United States*, 929 F.2d 240, 243-45 (6th Cir. 1991); *Pinney Dock and Transp. Co. v. Penn Central Corp.*, 838 F.2d 1445, 1461 (6th Cir. 1988). This court has described this rule on waiver as stemming from the interests of judicial economy, being mindful of the role of an appellate court, and the desire to have the valued judgment of the district judge that "adds much to the deliberative process and allows this

court its proper function." *Taft Broad. Co.*, 929 F.2d at 245; *Sigmon Fuel Co. v. Tennessee Valley Authority*, 754 F.2d 162, 164 (6th Cir. 1985). This court has, however, addressed issues not raised in the trial court "to the extent the issue is presented with sufficient clarity and completeness and its resolution will materially advance the progress of [] already protracted litigation." *Pinney Dock and Transp. Co.*, 838 F.2d at 1461. We have described the exceptions to the doctrine of waiver as "narrow." *Foster*, 6 F.3d at 407.

Unless Plaintiff's arguments fit into one of the exceptions on waiver, then, we must decline to address Plaintiff's new argument on pretextual termination. Plaintiff does not present any exceptional circumstances that would excuse her failure to raise these arguments below. Nor do we believe that resolution of the issue is clear or beyond doubt. The dearth of discussion on pretext in the record makes resolution of Plaintiff's claims difficult at best. Finally, we do not believe that a miscarriage of justice would result from our declining to address the issue. If Plaintiff truly believed that she was terminated based on a pretext, she would surely have argued that point in the district court and conducted discovery related to that claim. Instead, she focused on incidents that happened outside the statute of limitations and attempted to graft a theory of continuing tort onto those alleged acts of discrimination. Because none of the waiver exceptions apply, Plaintiff has waived her argument and the district court's did not err in granting Defendant summary judgment.

C.     Stay of Discovery

Alternately, Plaintiff argues that, had the district court allowed her to conduct further discovery on the issue of pretext, she would have been able to make out a prima facie case of discrimination based on pretextual termination. We review a district court's decision to stay

6

discovery for an abuse of discretion. *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Emmons v. McLaughlin*, 874 F.2d 351, 356-57 (6th Cir. 1999)). Any abuse of discretion must have caused Plaintiff substantial prejudice. *Id.*

In her opposition to Defendant's motion to stay discovery, Plaintiff only argued that Defendant had not proved why it deserved a stay. Plaintiff never explained to the district court what further evidence she needed to obtain through discovery to prove her case. She only argued, in general terms, that further depositions would corroborate affidavits and letters already submitted to the court. Therefore, absent an exception to the previously discussed waiver doctrines, Plaintiff has also waived this argument.

The same reasoning that prevented us from reaching the merits of Plaintiff's argument on pretextual termination prevent us from reaching this new argument on discovery. In particular, we do not believe that resolution of the issue is clear or beyond doubt given the level of discretion we accord trial court rulings on issues of discovery. Indeed, the level of discretion accorded to district courts in their management of cases prior to trial particularly militates against addressing Plaintiff's arguments in this case, because the district court did not have the chance to exercise its discretion when it was unaware that Plaintiff needed further discovery to respond to the motion for summary judgment.

Furthermore, even if Plaintiff did not waive her argument, she cannot argue that she was substantially prejudiced by the district court's denial of further discovery because she does not dispute that she stopped working after one shift, nor does she dispute that she was unable to return to work. Plaintiffs cannot prove substantial prejudice if the further discovery they seek would not aid them in proving their claim. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1338-39 (6th

Cir. 1992).  Since Plaintiff admits that she could not continue working, and because a requirement of a claim under the PDCRA is that the employee have the ability to perform the duties of her job, *see* M.C.L. § 37.1202(b), she cannot prove that she was denied continued employment due to her use of knee braces.  Thus, Plaintiff cannot prove that the district court's decision substantially prejudiced her case.  Because Plaintiff did not explain to the district court what further discovery she required and because she was not substantially prejudiced, the district court did not abuse its discretion in granting Defendant's motion to stay discovery.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.