NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0326n.06

No. 10-1886

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 17, 2011
LEONARD GREEN, Clerk

KEITH DOBBINS,                          )
                                        )
    Plaintiff-Appellant,             )          ON APPEAL FROM THE
                                        )          UNITED STATES DISTRICT
    v.                               )          COURT FOR THE WESTERN
                                        )          DISTRICT OF MICHIGAN
GEORGE CRAYCRAFT, et al.                )
                                        )
    Defendant-Appellee.              )
                                        )

BEFORE: MARTIN, SILER and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. In this § 1983 suit, Michigan prisoner Keith Dobbins appeals the dismissal of his First Amendment and due process claims against George Craycraft, his former supervisor, and Doug Besteman, the prison's classification director. The district court should have given Dobbins a chance to "present facts essential to justify [his] opposition" to summary judgment, Fed. R. Civ. P. 56(d), and dismissal was therefore premature.

Dobbins is an inmate in the Kinross Correctional Facility (KCF), and formerly worked in the prison's kitchen. After a series of promotions, he held the lead position on his shift. On September 7, 2006, Dobbins filed a grievance against Craycraft, the prison's food service supervisor, alleging verbal abuse and failure to observe food safety protocols. Dobbins claims that Craycraft became irate when he learned of the grievance and that he began harassing Dobbins by adding to his workload, accusing him of working too slowly, and delegating authority to those Dobbins had

previously overseen. Dobbins filed another grievance on October 5 and was suspended five days later. On October 24, Dobbins met with Besteman, the prison's classification director, who informed Dobbins that he had been terminated for poor performance. Besteman showed Dobbins a final work evaluation for the month of October 2006, which detailed a series of performance incidents, including one in which Dobbins allegedly fell asleep in the dining room during his shift.

Proceeding pro se, Dobbins filed this § 1983 suit against Craycraft and Bestemen in December 2008, claiming that Craycraft retaliated against him for exercising his First Amendment right to petition the government, and that Besteman violated his due process rights by failing to give him a thirty-day probationary period before approving the termination. At the screening stage, the district court dismissed Dobbins' due process claim against Besteman because Dobbins had failed to allege a liberty or property interest in his position. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). The case was referred to a magistrate judge, and Dobbins submitted a series of discovery requests on January 28, 2009.[1] After Craycraft was served with the complaint on March 31, the district court stayed all discovery two weeks later on April 15.

Craycraft then moved for summary judgment. Though he did not dispute that Dobbins had engaged in protected activity and that his termination qualified as an adverse action, Craycraft presented evidence that the termination was caused by Dobbins' poor performance, not because Dobbins engaged in protected activity. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999)

---

[1]Federal Rule of Civil Procedure 26(a)(1)(B) exempts prisoner suits from the discovery conference required by Rule 26, which under Rule 26(d) must precede any discovery request. *See* Fed. R. Civ. P. 26(f).

(describing the shifting burdens of proof). Craycraft submitted a series of work evaluations from March 2006 to October 2006, indicating that Dobbins had a history of arriving late, failing to follow instructions, arguing with coworkers, working too slowly, and assigning himself less work.

Dobbins filed an affidavit in opposition to summary judgment, in which he identified three witnesses who allegedly could contradict Craycraft's accusation that Dobbins fell asleep on the job, and who could verify that Craycraft was upset about the grievances and wanted to fire Dobbins. Dobbins argued that he would submit evidence to support his opposition to summary judgment once Craycraft had fully responded to the request for discovery, which contained a series of twenty requests for documents, admissions, and answers to interrogatories. Without reopening discovery or providing Dobbins an opportunity to develop his own evidence, the district court granted summary judgment in favor of Craycraft, concluding that Dobbins' poor performance was the sole reason for his termination. Dobbins now appeals.

Dobbins' procedural due process claim against Bestemen was properly dismissed for failure to allege a liberty or property interest. Dobbins has no constitutional right to prison employment because the loss of his position does not impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S.472, 484 (1995); *see Pickelhaupt v. Jackson*, 364 F. App'x 221, 226 (6th Cir. 2010). Nor does Dobbins have such a right under Michigan law, which gives prison administrators complete discretion regarding prisoner work assignments. *See* Mich. Dep't of Corr. Policy Directive (PD) 05.02.100 (effective Feb. 25, 2008); *Stewart v. Mintzes*, 815 F.2d 80, No. 86-1120, 1987 WL 35931, at *1 (6th Cir. 1987). Because

Dobbins did not have a cognizable liberty or property interest in his position at KCF, his termination did not violate due process.

However, the district court should have given Dobbins a chance to conduct some discovery before granting summary judgment in favor of Craycraft on Dobbins' First Amendment retaliation claim. A non-movant who loses at the summary judgment stage can challenge the dismissal as premature if the district court did not afford him an opportunity to "present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d) (formerly Rule 56(f)); *see Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195-97 (6th Cir. 1995). Dobbins' affidavit in opposition to summary judgment was sufficient to preserve this challenge for appellate review. Given that "[w]e construe filings by pro se litigants liberally," *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006), the affidavit's description of the evidence Dobbins wished to develop, together with his specific invocation of Rule 56(f), was enough to put the lower court on notice of the need for some discovery. *See Plott*, 71 F.3d at 1196.

These types of challenges are reviewed for abuse of discretion. *Vance v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996).

> A number of different factors are applicable to such claims, such as (1) when the appellant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests.

*Plott*, 71 F.3d at 1196-97 (internal citations omitted). Taken together, these factors weigh in favor of reversal.

First, the timing of the discovery request and the district court's initial stay, together with the fact that no opportunity for discovery was ever given before the court entered summary judgment, favor Dobbins. In *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 232 (6th Cir. 1994), this court reversed a grant of summary judgment where the district court stayed all discovery just six days after the plaintiffs submitted their first discovery request. We held that a grant of summary judgment, "absent *any* opportunity for discovery," was an abuse of discretion. *Id.* at 231 (emphasis in original). Here too, Dobbins submitted his request for discovery very early in this case, a week before Craycraft was served with the complaint on March 31, 2009. Craycraft never responded to the request because the district court stayed discovery two weeks later on April 15, 2009. And discovery was never reopened, despite Dobbins' affidavit in opposition to summary judgment.

Second, Dobbins was prejudiced by the inability to conduct discovery because the evidence he wished to develop would have undermined the district court's conclusion that Dobbins' poor performance was the sole reason for his termination. Dobbins offered to present evidence that Craycraft made up the incident in the dining room and then fabricated or backdated the other incidents of poor performance after learning about the grievances. This evidence might have made a difference in the district court's perception of a genuine issue of material fact as to whether Craycraft acted with a retaliatory motive.

That is particularly true where Craycraft's evidence of a non-retaliatory explanation was equivocal. Prior to his filing of the grievance, Dobbins had a pretty good employment history at KCF, achieving perfect scores on six of nine work evaluations, and nearly perfect scores (thirty-eight

out of a possible thirty-nine points) on the remaining three. These evaluations indicate that Dobbins was "doing very well," was "a good worker," and showed "daily improvement in work attitude and skills." Consistent with this seemingly positive feedback, Dobbins was promoted several times until he held the lead position on his shift. Of course, the record also supports the long list of performance incidents used to justify summary judgment. But only four of these incidents predate the grievance Dobbins filed on September 7, 2006. And even the work evaluations that describe negative performance incidents prior to September 7 reflect nearly perfect scores in other areas.

This case therefore differs from cases in which further discovery would not have aided the plaintiff in proving her claim, *e.g.*, *Cochrane v. United Parcel Serv., Inc.*, 137 F. App'x 768, 772 (6th Cir. 2005), or those in which the requested discovery would have been duplicative of evidence already in the record, *e.g.*, *Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619, 628 (6th Cir. 2002). Here, Dobbins was prejudiced by the inability to conduct at least some discovery because the evidence he wished to develop was not cumulative of the existing record and might have influenced the district court's perception of a genuine factual dispute.

For these reasons, we reverse the district court's grant of summary judgment.