CLD-260                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1170
_____

JOSEPH WATSON,
                                        Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
DORINA VARNER; SUPERINTENDENT SOMERSET SCI;
JOSEPH, ASSISTANT TO THE SUPERINTENDENT AT SCI SOMERSET;
DAVID HUNTER, UNIT MANAGER AT SCI SOMERSET;
DAVID L. ONSTEAD, UNIT MANAGER AT SCI SOMERSET;
JACK LOUGHRY, BUSINESS MANAGER AT SCI SOMERSET;
SUSAN DORR, MAIL ROOM SUPERVISOR FOR SCI SOMERSET AND
SCI LAUREL HIGHLANDS; DELORES CHANEY,
ADMINISTRATIVE FOR SCI SOMERSET AND SCI LAUREL HIGHLANDS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-11-cv-00281)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 22, 2014
Before: FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: May 28, 2014)
_____

OPINION
_____

PER CURIAM

Joseph Watson, proceeding pro se and in forma pauperis, appeals from the District Court's order granting the defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). For the reasons set forth below, we will summarily affirm.[1]

I.

Joseph Watson, a Pennsylvania prisoner, filed a complaint pursuant to 42 U.S.C. § 1983, naming as defendants various officials and employees of SCI-Somerset. The complaint alleged the denial of access to the courts, deprivation of due process rights, cruel and unusual punishment, and retaliation. Specifically, Watson alleged that prior to March 2010, he held a prison job at SCI-Somerset and used the wages he earned to purchase necessary items such as personal hygiene products. In March 2010, he was transferred to a prison in Michigan and returned to SCI-Somerset in May 2011. In spite of an alleged contract promising inmates that their positions would be reinstated upon return, Watson was not given a prison job. Furthermore, prison officials discontinued his General Labor Pool ("GLP") allowance, for the stated reason that Watson refused to participate in school or programs. Watson alleged that all of this was done as retaliation for his filing of a lawsuit against SCI-Somerset staff in 2009. Because he was deprived

---

[1] We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We may summarily affirm a decision of the District Court if the appeal does not raise a substantial

2

of a job, he was unable to afford personal hygiene products and had to go without items such as toothpaste, denture cleaning supplies, denture adhesive, lotion, hair conditioner, deodorant, new razors, a new toothbrush, and an adequate supply of soap.

Watson also alleged that in June 2011, he attempted to file a post-conviction brief with the Superior Court of Pennsylvania but that the defendants tampered with and delayed the mailing of his brief. The final allegation of his complaint was that two officers searched his cell and damaged his radio in December 2011.

The defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Magistrate Judge recommended denying the motion in part and granting it in part, and the District Court adopted the recommendation. Remaining were Watson's claims that the denial of hygiene supplies violated his Eighth Amendment right to be free from cruel and unusual punishment and that the deprivation of hygiene supplies was done in retaliation for his 2009 lawsuit. The defendants moved for summary judgment on those claims, and the Magistrate Judge recommended that the motion be granted. The District Court adopted the recommendation, and Watson timely appealed.

II.

We exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Dismissal is appropriate where the pleader has not alleged "sufficient factual matter, accepted as true, to state a claim to relief that is

---

issue. 3d Cir. LAR 27.4; I.O.P. 10.6. We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted).

Upon review, we conclude that the District Court's dismissal of Watson's claim regarding the denial of access to the courts was proper, as no actual injury resulted from the alleged interference with his legal mail. A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury. Lewis v. Casey, 518 U.S. 343, 352-53 (1996). Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. Christopher v. Harbury, 536 U.S. 403, 415 (2002). According to the complaint, Watson's brief was due on August 17, 2011. The Superior Court acknowledged in an order attached to Watson's complaint as Exhibit C-11 that Watson's brief was timely filed on August 15, 2011. Therefore no injury occurred, and dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) was appropriate.

We also agree with the District Court's dismissal of Watson's claim that the prison's refusal to reinstate his prison job upon his return from Michigan or assign him to the GLP constituted a violation of his right to due process. Inmates do not have a liberty or property interest in their job assignments that would give rise to Due Process Clause protection. James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir. 1989). Furthermore, the defendants' failure to reinstate him in his prison job did not violate his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment imposes upon prison officials a duty to provide "humane conditions of confinement."

4

Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 256 (3d Cir. 2010) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). "For an alleged deprivation to rise to the level of an Eighth Amendment violation, it must result in the denial of the minimal civilized measure of life's necessities." Id. (internal quotations and citations omitted). Such a denial involves "the deprivation of a single identifiable human need such as food, warmth, or exercise . . . ." Wilson v. Seiter, 501 U.S. 294, 304 (1991). Because a prison job is not one of life's necessities, this claim was properly dismissed.[2]

Watson's final claim arising out of his inability to obtain a prison job is that it constituted retaliation for his 2009 lawsuit against staff at SCI-Somerset. Upon review, we agree with the District Court's dismissal of this claim. Retaliating against a prisoner for the exercise of his constitutional rights is unconstitutional. See Rauser v. Horn, 241 F.3d 330, 333–34 (3d Cir. 2001). A plaintiff in a retaliation case must prove that: (1) he engaged in constitutionally protected conduct, (2) "he suffered some 'adverse action' at the hands of the prison officials"; and (3) "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision" to take that action. Id. at 333. "[P]rison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334. Here, Watson failed to satisfy the third element of his retaliation claim because, in response to his grievance regarding his job situation, prison staff stated, "In

_____

[2] Watson's inability to purchase hygiene supplies as a result of his lack of a prison job was also alleged to violate the Eighth Amendment, but this claim was denied through

5

June 2011 upon your return you informed staff that you would not participate in provisions of your prescriptive plan thus making you ineligible for GLP according to [Department of Corrections policy]." Dkt. No. 4-1, at 16. As job assignments are offered only to those inmates who are in the GLP, Watson was ineligible for employment. Id. Watson therefore could not demonstrate that his 2009 lawsuit caused the adverse event in his employment, and the District Court properly dismissed this claim.

Finally, we agree with the District Court's dismissal of Watson's claim regarding the damage done to his radio during a search of his cell. Any claims arising from this incident were litigated before the United States District Court for the Western District of Pennsylvania, and Watson is currently appealing that judgment in this Court, C.A. No. 13-3510. As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another suit in federal court. See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."); Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc) (prohibiting a plaintiff from "maintain[ing] two separate actions involving the same subject matter at the same time in the same court and against the same defendant.") Accordingly, we affirm the District Court's dismissal of this claim.

III.

---

summary judgment and will be discussed in Section III, infra.

The remainder of Watson's claims were terminated pursuant to the defendants' motion for summary judgment. We review the District Court's order granting summary judgment de novo and review the facts in the light most favorable to the nonmoving party. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). We will affirm a grant of summary judgment if our review reveals that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Upon review, we agree with the District Court that no genuine issue of material fact existed with respect to Watson's claim that he was deprived of hygiene products in violation of the Eighth Amendment. To succeed on an Eighth Amendment conditions of confinement claim, a plaintiff must demonstrate both an objective element – that the deprivation was sufficiently serious, and a subjective element – that the prison officials acted with a sufficiently culpable mind. Wilson, 501 U.S. at 298. Prison conditions may objectively violate the Eighth Amendment proscription against cruel and unusual punishment when inmates are deprived of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Courts have held that those minimal necessities include provision for basic hygiene. See, e.g., Penrod v. Zavaras, 94 F.3d 1399, 1406 (10th Cir. 1996) (holding that a refusal to provide toothpaste, leading to bleeding gums and tooth decay stated an Eighth Amendment claim); Young v. Quinlan, 960 F.2d 351, 363 (3d Cir. 1992) (holding that requiring a prisoner to request permission to wash hands, receive toilet paper, or drink water stated an Eighth Amendment claim).

7

We agree with the District Court that Watson failed to establish either the objective or subjective elements of his Eighth Amendment claim. He stated in his complaint that he brushes his teeth with a worn-down toothbrush and periodically receives toothpaste from other inmates, but sometimes goes days without toothpaste. He also indicated that he is able to shave once a month and that he receives two small bars of soap once a week. Furthermore, he did not show any harm resulting from this state of affairs. The record therefore reflects no genuine issue of material fact as to whether Watson has experienced a sufficiently serious deprivation of the necessities of life.

Watson also failed to demonstrate that a genuine issue of material fact existed regarding the subjective element of this claim. Although Watson submitted seven written requests for a hygiene products package, he did not direct them to the proper entity. Inmates must be declared indigent by the Inmate Accounts Office in order to receive such a package. Watson's unit manager, Defendant Onstead, stated that he explained this procedure to Watson in May 2011, but Watson failed to follow it. Dkt. No. 45-1, at 2-3. Watson therefore could not demonstrate that a genuine issue of material fact existed regarding deliberate indifference to his need for hygiene products. Any deprivation of personal hygiene items he may have suffered did not rise to the level of a constitutional violation. Accordingly, we will affirm the District Court's order granting summary judgment in favor of the defendants as to this claim.

Furthermore, we agree with the District Court's grant of summary judgment regarding Watson's claim that he was deprived of hygiene products in retaliation for his

2009 lawsuit or his refusal to attend certain programs for sex offenders. The elements of a retaliation claim, detailed above, include causation, and a plaintiff must demonstrate that his conduct was a "substantial or motivating factor" in the adverse event. As discussed above, Defendant Onstead stated that it was Watson's failure to follow procedure that prevented him from being issued a hygiene product package. Watson could not establish the existence of a genuine issue of material fact in this retaliation claim, and summary judgment in favor of defendants was therefore appropriate.

Finally, Watson appeals the denial of his motion for recusal of the Magistrate Judge and District Judge. He alleged that Judge Kim R. Gibson was a family member of Sylvia Gibson, who he claimed is a Deputy Superintendent at SCI-Somerset. He also alleged that the unfavorable rulings indicate bias and hostility toward him and other Somerset inmates. The District Court denied his motion for recusal on the basis that "there are no grounds for either judge to recuse themselves from this matter."

We review a judge's decision not to recuse, under either 28 U.S.C. § 144 or § 455, for an abuse of discretion. See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990). Under Section 144, a judge must recuse if a party files a "sufficient affidavit" establishing that the judge has a personal bias or prejudice against the party seeking recusal, or in favor of the adverse party. 28 U.S.C. § 144. Under Section 455(a), a judge must recuse where the judge's impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Neither of these conditions was present here. We note that no affidavits or other evidence accompanied Watson's allegations, and we highlight the fact that Sylvia

9

Gibson is not a named defendant in Watson's complaint. To the extent Watson attempted to invoke 28 U.S.C. § 455(b)(5), his motion for recusal was properly denied, as he did not allege the sort of kinship between District Judge Gibson and Deputy Superintendent Sylvia Gibson that would make recusal mandatory. Furthermore, unfavorable decisions do not necessarily indicate bias, particularly here where we discern no error in the District Court's rulings and do not see any reason to suspect partiality. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . .") (citations omitted).

## IV.

There being no substantial question presented on appeal, we will summarily affirm.