IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| JAMES H. WILLIAMS, | : | No. 95 MAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of the Commonwealth Court at 82 MD 2017 dated 11/18/19 |
| | : | |
| v. | : | |
| | : | |
| JOHN E. WETZEL (SECRETARY OF CORRECTIONS) DORINA VARNER (CHIEF GRIEVANCE OFFICER) BARRY SMITH (FACILITY MANAGER, S.C.I. HOUTZDALE) SUSAN MCQUILLEN (I/M EMPLOYMENT OFFICER) (HOUTZDALE) GINTER (UNIT MANAGER, S.C.I. HOUTZDALE) PITTSINGER (FOOD SERVICE MANAGER, HOUTZDALE) DERRING (FOOD SERVICE STAFF MEMBER, HOUTZDALE) PA. DEPARTMENT OF CORRECTIONS OFFICIALS, | : : : : : : : : : : : : : : : | SUBMITTED: June 16, 2020 |
| | : | |
| Appellants | : | |

**OPINION**

**CHIEF JUSTICE SAYLOR**                                    **DECIDED:  June 16, 2020**

This direct appeal implicates an issue concerning the Commonwealth Court's original jurisdiction over prisoner litigation, where the inmate attempting to invoke the judicial process has failed to identify a constitutionally-protected interest that would give rise to due-process protections.

The facts underlying the present appeal are more fully developed in the Commonwealth Court's opinion. *See Williams v. Wetzel*, 222 A.3d 49, 50-54 (Pa. Cmwlth. 2019). Briefly, Appellee, a Pennsylvania state inmate, filed a petition for review in the nature of mandamus in the Commonwealth Court's original jurisdiction. He alleged that he was subjected to a search upon leaving his employment post in the prison kitchen, and an officer discovered several pounds of sugar concealed in his boots. The petition further asserted that, after a unit manager conducted a support team hearing at his cell door, Appellee was removed from his position of employment in the kitchen. Appellee claimed that the Department's failure to follow procedures pertaining to misconducts set forth in its prison regulations, *see* 37 Pa. Code §93.10; DC-ADM 816, resulted in a denial of due process.

The Commonwealth Court granted summary declaratory and injunctive relief and directed the Department of Corrections to comply with the regulations' procedural requirements. *See Williams*, 222 A.3d at 56. Judge Simpson dissented, citing *Dantzler v. Wetzel*, 218 A.3d 519 (Pa. Cmwlth. 2019), for the proposition that an inmate who fails to identify a protected liberty or property interest cannot state a claim in the Commonwealth Court for a denial of due process by prison officials. *See Williams*, 222 A.3d at 56-58 (Simpson, J., dissenting).

Judge Simpson is correct per this Court's decision in *Bronson v. Central Office Review Committee*, 554 Pa. 317, 721 A.2d 357 (1998), which holds that the Commonwealth Court lacks original jurisdiction to entertain a prisoner's due process challenge to the actions of prison officials, where the inmate fails to assert a constitutionally-protected liberty or property interest. *See id.* at 322-23, 721 A.2d at 359-60; *cf. Sandin v. Conner*, 515 U.S. 472, 484-85, 115 S. Ct. 2293, 2300-01 (1995) (explaining that due-process protections are implicated only with reference to actions by

prison officials that "impose[] atypical and significant hardship on the inmate in relation to ordinary incidents of prison life," and that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law"). Furthermore, the cases are legion confirming that inmates have no constitutionally-protected interest in maintaining prison employment. *See, e.g.*, *Bush v. Veach*, 1 A.3d 981, 984 (Pa. Cmwlth. 2010).[1]

Although the Department has not identified the above defect, a jurisdictional impediment to judicial review may be raised by the appellate courts of their own accord. *See, e.g.*, *DEP v. Cromwell Twp., Huntingdon Cty*, 613 Pa. 1, 12, 32 A.3d 639, 646 (2011) ("The question whether a court has jurisdiction . . . may be raised at any time in the course of the proceedings, including by a reviewing court *sua sponte*."); *Fenati v. DOC*, No. 56 M.D. 2017, *slip op.* 2017 WL 5580069, at *3 (Pa. Cmwlth. Nov. 21, 2017) (holding, *sua sponte*, that the Commonwealth Court lacked jurisdiction over prisoner litigation, per *Bronson*).[2]

In any event, Appellee has never advanced a colorable defense on the merits. Indeed, he has repeatedly confirmed that he tried to leave the kitchen with two and one-half pounds of sugar secreted in his boots, *see, e.g.*, Brief for Appellee at 4. *Accord* 2

---

[1] *Accord Watson v. DOC*, 567 F. App'x 75, 78 (3d Cir. 2014) (*per curiam*) ("Inmates do not have a liberty or property interest in their job assignments that would give rise to Due Process Clause protection."); *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991); *Adams v. James*, 784 F.2d 1077, 1079 (11th Cir. 1986).

[2] We observe that the majority decision in the present case followed the lead of the *Bush* decision in recognizing a right to the process set forth in prison regulations. *See Williams*, 222 A.3d at 54 (citing *Bush*, 1 A.3d at 984). The *Bush* court, however, also failed to consider the lack of jurisdiction, in the Commonwealth Court, over due-process claims grounded upon prisoner grievances that are not predicated on a constitutionally-protected liberty or property interest. *See Bronson*, 554 Pa. at 322-23, 721 A.2d at 359-60.

RIGHTS OF PRISONERS §8.6 (5th ed. 2019) ("The general rule continues to be that removal from a job assignment is deemed to be an administrative matter with which courts are loath to interfere[.]" (footnote omitted)).

The order of the Commonwealth Court is reversed, and the matter is remanded for dismissal of the petition for review.

Justices Baer, Todd, Donohue, Dougherty, Wecht and Mundy join the opinion.