Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| JOSÉ VÁZQUEZ MARÍN<br><br>Recurrente<br><br><br>v.<br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202300556 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación, División de Remedios Administrativos<br><br>Remedio Administrativo Núm.: B-1151-23<br><br>Sobre:<br>Suspensión por Informe |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de noviembre de 2023.

Comparece el señor José Vázquez Marín (señor Vázquez Marín o recurrente) vía revisión administrativa para solicitar la revocación de la *Respuesta de reconsideración al miembro de la población correccional* de la División de Remedios Administrativos (DRA) del Departamento de Corrección y Rehabilitación (DCR o recurrido), emitida el 31 de agosto de 2023. Mediante el mencionado dictamen, se confirmó y modificó una respuesta previa sobre la destitución del recurrente de sus labores en la cocina por una alegada violación disciplinaria. Por las razones que habremos de expresar, desestimamos el recurso presentado por falta de jurisdicción.

En síntesis, el caso de epígrafe trata de una *Solicitud de remedio administrativo* presentado por el señor Vázquez Marín ante la DRA, solicitando que lo restituyan a su puesto en la cocina. Según el

Número Identificador

SEN2023 _____

expediente, un oficial correccional ocupó un teléfono celular del recurrente. Al día siguiente, el señor Vázquez Marín fue dado de baja de su puesto en la cocina, supuestamente basado en un informe hecho en el Libro de Novedades de la oficialidad del área. Además, la referida destitución fue hecha sin haberse notificado, instado querella disciplinaria o calendarizado una vista administrativa contra el recurrente. Luego de presentada la *Solicitud de remedio administrativo*, la DRA respondió que los oficiales correccionales tienen la discreción de destituirlo de su área de trabajo y que la DRA no tiene injerencia en torno a los aspectos de seguridad que se hayan suscitado. Acto seguido, el señor Vázquez Marín presentó una *Solicitud de reconsideración* que la DRA denegó, argumentado que el Comité de Clasificación y Tratamiento (CCT) tiene la facultad y discreción de realizar la asignación inicial de trabajo y de modificarla como medida de seguridad, por lo que no es necesaria una querella o el inicio de un proceso disciplinario que culmine con una vista.

Oportunamente, el señor Vázquez Marín recurrió al foro apelativo, alegando: (1) que el CCT erró al darle alcance legal a un informe en el Libro de Novedades, por lo cual —junto a la falta de una querella disciplinaria, una notificación o una vista administrativa— violó su debido proceso de ley, y (2) que erró el CCT al relevar al señor Vázquez Marín de su trabajo, lo cual incide en su derecho constitucional a rehabilitarse moral y socialmente.

Sabido es que la revisión judicial nos permite asegurar que los organismos administrativos actúen de acuerdo con las facultades que legalmente les fueron concedidas. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998 (2008). Sin embargo, al intervenir y revisar

determinaciones administrativas, corresponde concederles deferencia y no reemplazar el criterio especializado de las agencias por el nuestro. *López Borges v. Adm. Corrección*, 185 DPR 603 (2012). Ello es así, dado que las determinaciones administrativas gozan de una presunción de legalidad y corrección, la cual subsistirá mientras no se produzca suficiente prueba como para derrotarla. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206 (2012).

A pesar de lo anterior, es imperativo que los que acuden al foro apelativo vía revisión judicial agoten todos los remedios administrativos. Sec. 4.3 de la Ley de Procedimiento Administrativo Uniforme (LPAU) (3 LPRA sec. 9673). Véase, también, *Moreno Ferrer v. Jta. Reglamentadora del Cannabis Medicinal*, 209 DPR 430 (2022). Igualmente es necesario que se cumplan con todos los requisitos de notificación que una agencia establece en sus reglamentos, incluyendo aquellos pertinentes a la revisión judicial. Véase Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme (3 LPRA sec. 9672); Reglas 13(B) y 58(B) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Metro Senior Dev. LLC v. AFV*, 209 DPR 203 (2022). Por tanto, el foro apelativo carece de jurisdicción si el recurrente no notifica debidamente a las partes sobre la presentación de la revisión judicial o no certifica con su firma en el recurso la fecha en que se efectuó la notificación. Regla 13(B)(1) del Tribunal de Apelaciones, *supra*; *Rivera Ramos v. Morales Blás*, 149 DPR 672 (1999).

A la luz de lo anterior, conviene destacar la Regla XV del Reglamento Núm. 8583 de la DRA. Esta indica que:

> El miembro de la población correccional que solicite Revisión Judicial vendrá obligado a notificar con copia de la misma al Departamento de Corrección y Rehabilitación, dentro del término de treinta (30) días. Se entenderá que no se ha instado Revisión Judicial ante el Tribunal General de Justicia si han transcurrido treinta (30) días de archivada en autos copia de la Resolución. En este caso, el Departamento de Corrección y Rehabilitación podrá disponer del expediente administrativo del caso. Regla XV del Reglamento para Atender las Solicitudes de Remedios Administrativos Radicados por los Miembros de la Población Correccional, Reglamento Núm. 8583 de 4 de mayo de 2015.

Es evidente que la referida Regla XV va acorde con la LPAU y el *Reglamento del Tribunal de Apelaciones*, por la cual la falta de notificación a la agencia o su correspondiente certificación prohíbe la intervención del foro apelativo.

De hecho, además de que este Tribunal carece de jurisdicción por las razones procesales en torno a la notificación expuesta, lo cierto es que tampoco participamos de autoridad jurisdiccional con respecto a la facultad del DCR —mediante el CCT— para asignar y modificar la actividad de trabajo de cada confinado a propósito de su función como garante de la seguridad de la institución y los miembros de la población correccional. Sec. III(C) del Manual Sobre Oportunidad de Empleo y Trabajo para Miembros de la Población Correccional de 22 de junio de 2000, AC-PROG-009. Véase, también, Regla 4(A)(1) del Manual para Crear y Definir Funciones del Comité de Clasificación y Tratamiento en las Instituciones Correccionales, Reglamento Núm. 8523 de 26 de septiembre de 2014.

Al respecto, la jurisprudencia federal ha dictaminado que no existe un derecho constitucional a un puesto de trabajo en prisión, ya que la pérdida de tal puesto no impone una dificultad atípica o significante en relación con los incidentes ordinarios de la vida de un confinado. *Dobbins v. Craycraft*, 423 Fed.Appx. 550 (6to Cir. 2011) (citando a *Sandin v. Conner*, 515 US 472 (1995)). Véase, también,

*Lomholt v. Holder*, 287 F.3d 683 (8vo Cir. 2002) (per curiam) (citando a *Mitchell v. Kirk*, 20 F3d 936, 938 (8vo Cir. 1994) (per curiam)). En otras palabras, si una ley o reglamento estatal no determina lo contrario, un confinado no tiene un interés propietario o de libertad en su puesto, por lo cual la destitución no viola el debido proceso de ley ni requiere agotar los procedimientos administrativos requeridos para la alienación de tales derechos. *Watson v. Sec'y Pa. Dep't of Corr.*, 567 Fed.Appx. 75 (3er Cir. 2014) (per curiam) (citando a *James v. Quinlan*, 866 F.2d 627, 629 (3er Cir. 1989)); *Fiore v. Holt*, 435 Fed.Appx. 63 (3er Cir. 2011) (per curiam); *Dobbins v. Crayfact, supra*; *Bibbs v. Early*, 541 F.3d 267 (5to Cir. 2008) (citando a *Tighe v. Wall,* 100 F.3d 41, 42 (5to Cir. 1996) (per curiam)); *Miller v. Benson*, 51 F.3d 166 (8vo Cir. 1995); *Dupont v. Saunders*, 800 F.2d 8 (1er Cir. 1986); *Altizer v. Paderick*, 569 F.2d 812 (4to Cir. 1978).

Por los fundamentos expuestos, desestimamos el recurso presentado por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones