# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philip Jensen,                                           :
                                    Petitioner             :
                                                          :
                        v.                                :       No.  225 M.D. 2021
                                                          :       Submitted:  July 1, 2022
Barry Silver; Clerk of Courts, and                  :
Montgomery County Prothonotary,                :
                                    Respondents          :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED: August 17, 2023

Before this Court are the Preliminary Objections (POs) filed by Respondents, Montgomery County Prothonotary (Prothonotary) and Barry Silver (Silver),[1] a senior counter clerk in the Montgomery County Prothonotary's Office (collectively, Respondents), to Petitioner Philip Jensen's (Petitioner) pro se Amended Complaint in Mandamus (Complaint) filed in this Court's original jurisdiction on September 1, 2021.[2]  In his Complaint, Petitioner seeks a writ of mandamus to compel Respondents to file an appeal that Petitioner mailed on June 11, 2021, in an ancillary civil action.  Following our review, we sustain Respondents' PO challenging subject matter jurisdiction in this Court pursuant to Pa.R.Civ.P. 1028(a)(1) and transfer this matter to the Court of Common Pleas of Montgomery County.

---

[1] Petitioner identified Silver as "Processor Barry, (Clerk of Court)."  (*See* Amended Complaint in Mandamus (Complaint), filed 9/1/2021, ¶ 2.)

[2] Petitioner initially filed a Petition for Writ of Mandamus on July 19, 2021.

# I. BACKGROUND AND ISSUES PRESENTED

In his Complaint, Petitioner alleges that on June 11, 2021, he mailed his "Appeal *Nunc Pro Tunc*" to Respondents for filing "to attack a bogus, fraudulent default judgment that was entered regarding civil action [*Cavalry SPV I, LLC, as assignee of Citibank N.A. v. [] Jensen*,] MJ-38121-CV-0000399-2018 against [Petitioner.]" (*Cavalry*) (Complaint ¶ 4.)  Petitioner asserts that despite his compliance "with the procedure for filing applications for relief" with the Prothonotary, Silver "refused" to file his appeal. (*Id.* ¶ 8.)  Petitioner attaches to his Complaint as Exhibit H correspondence from Prothonotary listing Silver as the processor and indicating that Prothonotary was unable to file his Complaint because "[a] writ of certiorari cannot be filed as a subsequent [sic]; the judgment was already registered" [and] "[his] time frame to file a writ of certiorari has passed[.]" (Complaint, Ex. H.)

Petitioner avers that Silver's indication that the appeal would not be filed because a judgment had already been entered ignores that "[Petitioner] wasn't properly served any notice," which Petitioner pled in his appeal seeking to open the default judgment. (*Id.* ¶12.)  Petitioner states that it was for the trial court to grant or deny his appeal, and "[Silver]'s action[] refusing to file is [an] erroneous interpretation of the law[.]" (*Id.*)  Petitioner concludes by stating that if he is not given the opportunity to file his appeal *nunc pro tunc*, he will be responsible for paying a default judgment in the amount of $4,300.94, "tarnishing his name and [him] financial[l]y into the future." (*Id.* ¶ 15.)  Petitioner requests that this Court "ent[er] [] judgment against [Respondents], direct [] [Respondents] to file and docket [Petitioner's] appeal *nunc pro tunc*[,]" and that "costs for filing be paid." (*Id.*, Wherefore Clause.)

2

On September 30, 2021, Respondents filed POs pursuant to Pa.R.Civ.P. 1028(a)(1)[3] alleging that this Court lacks both personal jurisdiction over Respondents and subject matter jurisdiction over the Complaint.[4] Respondents argue that even if this Court accepts as true each of the allegations Petitioner sets forth in the Complaint, his cause of action necessarily fails because he did not (1) establish this Court's personal jurisdiction over Respondents by properly effectuating service of original process and (2) invoke this Court's original jurisdiction pursuant to Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1). (POs ¶¶ 9, 12-15, 18.)

## II.    DISCUSSION

Mandamus is an extraordinary remedy; thus, "[t]his Court may only issue a writ of mandamus where the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty, the [respondent] possesses a corresponding duty to perform the act, and the petitioner possesses no other adequate or appropriate remedy." *Detar v. Beard*, 898 A.2d 26, 29 (Pa. Cmwlth. 2006) (citation omitted). In ruling on POs, we will accept as true all well-pled material allegations raised therein and any reasonable inferences that may be drawn from

---

[3] This Rule states:

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

(1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint[.]

Pa.R.Civ.P. 1028(a)(1).

[4] Only Respondents have filed a brief with this Court. Petitioner indicated he would not be filing a responsive brief. (Petitioner's "Notice to All Parties," filed 3/29/22, ¶ 1.)

3

those averments, and we will resolve any doubt in favor of the petitioner. *Williams v. Wetzel*, 178 A.3d 920, 923 (Pa. Cmwlth. 2018). However, we are "not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion" set forth in POs. *Id.* Thus, we will sustain POs only when the law makes clear that a petitioner cannot succeed on his or her claim. *Id.* Finally, we "may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong Cnty. Mem'l Hosp. v. Dep't of Pub. Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013) (citation omitted).

We first address Respondents' challenge to this Court's subject matter jurisdiction, as it is dispositive. In doing so, we note that the Pennsylvania Constitution provides for a statewide Unified Judicial System, PA. CONST. art. V, §1; 42 Pa.C.S. § 301, and our original jurisdiction is limited. Section 761(a)(1) of the Judicial Code provides, in pertinent part, that this Court "shall have original jurisdiction of all civil actions or proceedings: . . . [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity" subject to certain exceptions not applicable here. 42 Pa.C.S. § 761(a)(1). Moreover, our original jurisdiction is subject to further limitation under Section 761(c) for mandamus actions as follows:

> The Commonwealth Court shall have original jurisdiction in cases of mandamus and prohibition to courts of inferior jurisdiction and other government units **where such relief is ancillary to matters within its appellate jurisdiction**, and it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus under like conditions returnable to the said court. To the extent prescribed by general rule the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction.

4

42 Pa.C.S. § 761(c).

In determining whether the present action was properly brought in our original jurisdiction, we are guided by our decision in *Brown v. Evers* (Pa. Cmwlth., No. 9 M.D. 2019, filed January 31, 2020),[5] the facts of which are similar to those presented herein. In *Brown*, the petitioner was an inmate in a Pennsylvania State Correctional Institution who sought mandamus relief from this Court in our original jurisdiction. Specifically, the petitioner sought the issuance of an order directing the named court administrator with the court of common pleas to accept for filing a private criminal complaint. *Brown*, slip op. at 1. As is the case instantly, POs were filed alleging improper service, lack of subject matter jurisdiction, and immunity. *Id.* Upon finding that the "original jurisdiction matter actually [sought] mandamus relief against a court of the statewide Unified Judicial System[,]" and that such jurisdiction in this Court is limited under Section 761(c) "to situations in which such relief is ancillary to matters within [our] appellate jurisdiction[,]" we held that "[b]ecause there is no appeal properly within our appellate jurisdiction now pending before this Court such that the issuance of this writ is necessary to protect this Court's appellate jurisdiction, we lack jurisdiction to entertain this matter." *Id.*, slip op. at 2 (citations and internal quotation marks omitted).

---

[5] While not binding, this Court's unreported opinions may be cited for their persuasive authority pursuant to Pa.R.A.P. 126(b)(1) and Section 414(a) of our Internal Operating Procedures, 210 Pa. Code § 69.414(a).

Applying this sound logic to the facts presented herein, we reach the same result. Petitioner's Complaint essentially seeks mandamus relief against the Court of Common Pleas of Montgomery County to accept for filing his appeal in *Cavalry*. There is no appeal properly pending within our appellate jurisdiction in *Cavalry*, which necessitates the issuance of a writ to protect our appellate jurisdiction. *Id.* Thus, we lack jurisdiction to entertain Petitioner's Complaint. *Id.*

However, because our original jurisdiction does not extend to the instant mandamus action, the Complaint should not be dismissed. To the contrary, it is axiomatic that where a party erroneously files a legal document with the wrong court, that court is required to transfer the matter to the proper court. *See* 42 Pa.C.S. § 5103(a);[6] Pa.R.A.P. 751;[7] *see also Gay v. Pines*, 835 A.2d 402, 404 (Pa. Cmwlth.

---

[6] Entitled "Transfer of erroneously filed matters," this statute provides, in relevant part:

> **(a) General rule.--**If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103(a).

[7] Entitled "Transfer of Erroneously Filed Cases," this Rule states:

> **(a) General rule.** If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the

**(Footnote continued on next page…)**

6

2003) (noting that mandamus action had been originally filed in this Court and transferred to the court of common pleas).

## III.    CONCLUSION

Petitioner's Complaint seeks mandamus relief against Respondents for the performance of a ministerial duty.  Such relief is not ancillary to a matter properly within our appellate jurisdiction; therefore, the trial court has subject matter jurisdiction over the Complaint.  Because Petitioner did not initiate this action with the court of common pleas, the matter must be transferred.[8]

---

matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.

**(b) Transfers by prothonotaries.** An appeal or other matter may be transferred from a court to another court under this rule by order of court or by order of the prothonotary of any appellate court affected.

Pa.R.A.P. 751.

[8] We are mindful that we declined to transfer a petition brought in our original jurisdiction and seeking mandamus relief in *Poplawski v. Marlier* (Pa. Cmwlth., No. 135 M.D. 2021, filed May 6, 2022), slip op. at 4-5.  Therein we found this Court had original jurisdiction over a mandamus action pursuant to 42 Pa.C.S. § 761 where the Pennsylvania Supreme Court had determined a prothonotary is a clerk of the court of common pleas, and a county clerk of court is a Commonwealth officer, and reasoning that "it logically follows that a prothonotary is also a Commonwealth officer."  However, in that case, we dismissed the petition in mandamus as moot upon finding that the petitioner "no longer ha[d] a stake in the outcome" where he requested this Court to order a prothonotary to file a cross-complaint in a divorce action that had already been closed.  *Id.*, slip op. at 5. As such, the jurisdictional finding was not dispositive of the holding.  Conversely, Petitioner's appeal has yet to be filed, and he certainly has a stake in the outcome; therefore, the proper result is to transfer this action to the court of common pleas.

Accordingly, we grant Respondents' PO for lack of subject matter jurisdiction and transfer this matter to the Court of Common Pleas of Montgomery County. In light of this holding, we do not reach Respondents' remaining PO.[9]

_____

**RENÉE COHN JUBELIRER,** President Judge

---

[9] We note that two petitions/applications appear to remain on the docket in this case: a "Petition for Judicial Notice" and an "Application for a Stay of Proceedings," both of which were filed on December 27, 2021. Petitioner's Petition for Judicial Notice requests that the Court take judicial notice of Respondents' failure to answer his objection to Respondents' entry of appearance. Petitioner's Response and Objection to Respondents' Entry of Appearance were previously denied by Order dated November 10, 2021, and his subsequent Application for Summary Relief based upon this same objection was dismissed as moot on January 3, 2022, in light of the November 10, 2021 Order. We similarly dismiss the Petition for Judicial Notice as moot in light of the November 10, 2021 Order. The Application for a Stay of Proceedings requested the Court to stay any action until Petitioner's appeal to the Pennsylvania Supreme Court of the November 10, 2021 Order had been determined. On February 9, 2022, the Supreme Court returned his Notice of Appeal as untimely and because the November 10, 2021 Order was not a final appealable order. We therefore dismiss Petitioner's Application for a Stay of Proceedings as moot.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philip Jensen,              :
            Petitioner   :
                                        :
            v.            :   No.  225 M.D. 2021
                                          :
Barry Silver; Clerk of Courts, and   :
Montgomery County Prothonotary,      :
            Respondents   :

# **O R D E R**

**NOW**, August 17, 2023, the Preliminary Objection asserting lack of subject matter jurisdiction filed by Barry Silver and the Montgomery County Prothonotary is **SUSTAINED**. This matter is transferred to the Court of Common Pleas of Montgomery County.

The Prothonotary shall certify a copy of the docket entries of the above-captioned matter to the Prothonotary of the Court of Common Pleas of Montgomery County.

The Petition for Judicial Notice and Application for a Stay of Proceedings filed by Philip Jensen on December 27, 2021, are **DISMISSED AS MOOT**.

                                 _____
                                 **RENÉE COHN JUBELIRER,** President Judge