IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alexandr Remorenko,                    :
                    Petitioner          :
                                        :
          v.                            :    No. 520 M.D. 2023
                                        :
Pennsylvania Department of             :    Submitted: July 7, 2025
Corrections,                           :
                    Respondent          :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE STACY WALLACE, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge


**_OPINION NOT REPORTED_**

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: August 7, 2025


Before this Court are the preliminary objections in the nature of a demurrer filed by the Department of Corrections (Department) in response to the *pro se* Petition for Review (Petition) filed by Alexandr Remorenko (Petitioner), an inmate currently incarcerated at the State Correctional Institution at Forest. Petitioner alleges that the Department denied his misconduct appeals without adhering to the misconduct hearing procedures set forth in the Department's Policy Statement DC-ADM 801.[1] The

---

[1] DC-ADM 801 appears in the Policy Statement issued by the Secretary of the Department to provide notice to inmates of "prohibited behavior," to provide a "fundamentally fair hearing process" and to establish "consistent sanctions" for failure to abide by Department rules and regulations. *See* DC-ADM 801 (III) (Policy). We take judicial notice of DC-ADM 801, which appears on the Department's official website at: https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/801-inmate-discipline.pdf. (last visited Aug. 6,

**(Footnote continued on next page…)**

Department asserts the Petition should be dismissed because this Court lacks both original and appellate jurisdiction to review Petitioner's claims. The Department also contends, to the extent Petitioner implies that his procedural due process rights were violated, his claim must fail because the allegations of the Petition and the documents appended thereto establish that Petitioner received all the procedural process due. Lastly, the Department demurs on the grounds that DC-ADM 801 does not create any enforceable rights upon which Petitioner's claims could be based. For the reasons to follow, we quash the Petition to the extent it is addressed to our appellate jurisdiction and sustain the preliminary objections in the nature of a demurrer to the extent the Petition is addressed to our original jurisdiction.

## I. Allegations of the Petition

On November 13, 2023, Petitioner filed the Petition in this Court's original jurisdiction asserting the following facts. Correctional officers searched the prison tailor shop where Petitioner worked based upon reports that workers there were hiding commissary items and selling them. Petitioner did not respond when asked repeatedly if he had items hidden in the tailor shop and, if so, to reveal where they were located. After a thirty-minute-long search, a tote belonging to Petitioner containing various items was located. (Petition, Ex. D.) Petitioner was issued a Class I misconduct charge on July 31, 2023, for refusing to obey an order and lying to a correctional officer about having commissary items in an unauthorized area. *Id.*

Petitioner disputed the misconduct charges. He submitted his version of events. (Petition, Ex. E.) He also submitted written statements from two witnesses, Denise Shufesky and Sergeant J. Montour. (Petition, Exs. A, B.) A disciplinary

___

2025). *See Figueroa v. Pennsylvania Board of Probation & Parole*, 900 A.2d 949, 950 n.1 (Pa. Cmwlth. 2006) (taking judicial notice of information found on Department website).

hearing was held before a hearing examiner on August 4, 2023. (Petition, Ex. D.) Ms. Shufesky, the Corrections Maintenance Foreman, confirmed that the inmates stored commissary items in the tailor shop. *Id.* The hearing examiner found the misconduct report to be credible. Based on the report, Petitioner was found guilty of lying to an employee and was removed from his prison job as a sanction. (PFR, Ex. F.) Petitioner was found not guilty of refusing to obey an order. (Petition, Exs. D, F.)

On August 17, 2023, Petitioner appealed his misconduct sanction to the Program Review Committee (PRC), citing violations of DC-ADM 801, and arguing that the findings were not supported by substantial evidence because the correctional officer who issued the misconduct charge lied about the incident. *Id.*, at ¶ B, Ex. G. On September 8, 2023, the PRC found that the procedures of DC-ADM 801 were followed in terms of hearing process and that the sanction was appropriate based on the nature of the offense. *Id.*, Ex. H.

On September 18, 2023, Petitioner appealed to the Facility Manager who found no violations of DC-ADM 801 occurred and upheld the hearing examiner's decision. *Id.*, at ¶ C, Exs. J, I. Petitioner appealed to the final level at the Office of the Chief Hearing Examiner, who concluded that the hearing examiner's findings were supported by ample evidence and denied his appeal. *Id.*, at ¶ D, Exs. K, M.

In his Petition in this Court, Petitioner alleges that there were procedural irregularities at every level of his misconduct process. He claims that at the misconduct hearing before the hearing examiner on August 4, 2023, his request to call witnesses was denied without written explanation in violation of DC-ADM 801, Section 3.D.2.a. He also alleges that he was found guilty of a charge "not listed in DC-ADM 801," and that "his admission of possession" was erroneously "used as the foundation for a guilty verdict on the charge of lying." *Id.* at ¶ A.

3

Regarding the PRC's review, he alleges that the PRC issued its decision "well over the allotted time period" in violation of DC-ADM 801, Section A.9. *Id.*, at ¶ B. He further asserts that the PRC "did not objectively address [his] first level appeal," and that PRC's explanation of what constitutes a lie "is specious at best." *Id.* He contends that the PRC's explanation of its purpose in paragraph 3 of its decision "shows an unwillingness to review whether facts were sufficient to support Petitioner's guilty verdict," which is a violation of DC-ADM 801, Section 5.A.1.c. *Id.*

Concerning the proceedings before the Facility Manager, Petitioner contends that the Facility Manager merely "rubber stamped" the decision of the hearing examiner and neglected to "address every issue" raised in his appeal in violation of DC-ADM 801, Section 5.B.2. *Id.*, at ¶ C.

Finally, Petitioner contends that the appellate review conducted by the Chief Hearing Examiner was not complete, thorough or impartial, as required by DC-ADM 801, Section 5.C.1. He further contends that the Chief Hearing Examiner's decision contained inaccuracies and was untimely in violation of DC-ADM 801, Section 5.C.6. *Id.*

As relief, Petitioner asks this Court to dismiss his misconduct charge, expunge the misconduct from his record, award him backpay for lost wages, and reimburse him for fees and costs. (Petition, at 4.)

## II. Preliminary Objections

On February 14, 2024, the Department filed preliminary objections. First, it argues that this Court lacks both original and appellate jurisdiction over internal prison disciplinary matters. Second, in the alternative, it demurs to the extent the Petition implies a due process claim, contending that the allegations and the documentation appended thereto reflect that Petitioner received all the procedural

4

process that was required. Third, it contends Petitioner's claims, which are all based on alleged violations of DC-ADM 801, should be dismissed because such claims are not actionable.

### III. Analysis

Pennsylvania Rule of Civil Procedure 1028(a)(4) provides that a preliminary objection may be filed for legal insufficiency of a pleading, *i.e.*, a demurrer. "The question presented in a demurrer is whether, on the facts averred, the law indicates with certainty that no recovery is possible." *Stilp v. General Assembly*, 974 A.2d 491, 494 (Pa. 2009). In ruling on preliminary objections in the nature of a demurrer, this Court must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). The Court "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* To sustain preliminary objections, "it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Id.*

"When ruling on a demurrer, a court must confine its analysis to the [Petition]." *Id.* "Thus, the court may determine only whether, on the basis of the [petitioner's] allegations, he or she possesses a cause of action recognized at law." *Fraternal Order of Police Lodge No. 5 by McNesby v. City of Philadelphia*, 267 A.3d 531, 541 (Pa. Cmwlth. 2021). To ascertain the standards to apply to a demurrer, a court determines the nature of the cause of action by examining the relief that the [petitioner] has requested. *Garber v. Pennsylvania Department of Corrections Secretary*, 851 A.2d 222, 225 (Pa. Cmwlth. 2004).

## A. **Lack of Original and Appellate Jurisdiction**

In its first preliminary objection, the Department asserts that this Court lacks both original and appellate jurisdiction to review the imposition of inmate discipline through the misconduct system.

### 1. Appellate Jurisdiction

The Department contends that, to the extent the Petition can be read as a direct challenge to the Chief Hearing Examiner's October 13, 2023 decision, such challenges are not within this Court's appellate jurisdiction.

Initially, we note that the Department's preliminary objections to our appellate jurisdiction are procedurally infirm. An objection to this Court's appellate jurisdiction should be presented in a petition to quash. Pa.R.A.P. 1516(a) (no pleading, including a preliminary objection, can be filed in response to an appellate petition for review). Nevertheless, in the past, when an agency has filed preliminary objections to an appellate petition for review, we have, in the interests of judicial economy, treated preliminary objections challenging this Court's appellate jurisdiction as a motion to quash the appellate portion of the petition for review. *See Zinc Corp. of America v. Department of Environmental Resources*, 603 A.2d 288, 289 n.1 (Pa. Cmwlth. 1992); *Brown v. Little* (Pa. Cmwlth., No. 99 M.D. 2022, filed August 1, 2023);[2] *Dougherty v. Department of Corrections* (Pa. Cmwlth., No. 131 M.D. 2022, filed January 16, 2024). We shall do so here.

To the extent Petitioner seeks appellate review of the Department's misconduct decision, we agree that this Court lacks jurisdiction. "Inmate misconducts are a matter of internal prison management and, thus, do not constitute adjudications

---

[2] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

6

subject to appellate review." *Hill v. Department of Corrections*, 64 A.3d 1159, 1167 (Pa. Cmwlth. 2013). As our Supreme Court expressly stated in *Bronson v. Central Office Review Committee*, 721 A.2d 357, 358-59 (Pa. 1998), "the [C]ommonwealth [C]ourt does not have appellate jurisdiction, under 42 Pa. C.S § 763, over inmate appeals of decisions by intra-prison disciplinary tribunals." Consequently, this Court lacks appellate jurisdiction to review the Department's decision on Petitioner's misconduct charge. Accordingly, we quash the portion of the Petition addressed to this Court's appellate jurisdiction.

  2. <u>Original Jurisdiction</u>

   The Department next argues that to the extent that Petitioner's action is premised upon the mistaken belief that this Court possesses original jurisdiction to review the outcome of an internal misconduct proceeding, the Petition should be dismissed with prejudice.

   In the context of prison litigation, "the Department's decisions regarding inmate misconduct convictions generally fall outside the scope of our original jurisdiction, even where a prisoner's constitutional rights have allegedly been violated." *Feliciano v. Pennsylvania Department of Corrections*, 250 A.3d 1269, 1270 (Pa. Cmwlth. 2021), *aff'd*, 283 A.3d 196 (Pa. 2022). However, a prisoner may invoke our original jurisdiction by identifying an interest not limited by Department regulations and affected by a final Department decision. *Id.* at 1275. A due process violation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 1275-76 (citation omitted). If a petitioner cannot show such a violation, the disciplinary decision is "not an adjudication subject to this Court's review and therefore falls outside the scope of our original jurisdiction." *Id.* at 1275 (citation omitted).

Here, Petitioner does not present a viable claim that the Department's sanctions implicated a constitutional liberty or personal interests that would invoke this Court's original jurisdiction. The sanction imposed for the misconduct charge was the loss of Petitioner's prison job at the tailor shop. We have held that inmates have no property interest in maintaining a prison job. *Bush v. Veach*, 1 A.3d 981, 984 (Pa. Cmwlth. 2010) (concluding that the petitioner did not have a property right to maintaining his prison job that was protected by due process); *Fennell v. Captain N.D. Gross* (Pa. Cmwlth., No. 1198 C.D. 2015, filed Feb. 5, 2016); *Miles v. Wiser*, 847 A.2d 237, 240-41 (Pa. Cmwlth. 2004). Because the loss of Petitioner's prison job does not implicate his constitutional due process rights, this Court lacks original jurisdiction. *Williams v. Wetzel*, 232 A.2d 652 (Pa. 2020) (holding that this Court lacked original jurisdiction to entertain inmate's due process challenge since inmate's contention that his removal from his prison job failed to assert constitutionally-protected liberty or property interest); *Ferguson v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 310 M.D. 2022, filed November 30, 2023) (holding that the loss of a prison work assignment, without more, does not constitute an atypical and significant hardship such as would invoke our original jurisdiction).

Because Petitioner does not have a personal or property interest not limited by Department regulations and affected by a final Department decision, this Court lacks jurisdiction to review the Petition. Accordingly, the Department's first preliminary objection based on original jurisdiction is sustained.

## B. Demurrer to Claims Asserting Lack of Statutory Procedural Requirements

Next, the Department argues that, to the extent Petitioner claims he was denied the statutory procedural requirements due under the Commonwealth's prison system, 37 Pa. Code § 93.10 (Inmate discipline), he has failed to state a claim.[3]

Petitioner lost his prison job as a sanction for a Class I misconduct. Under 37 Pa. Code § 93.10(a)(2)(v), inmates found guilty of Class I misconducts may be removed from a prison job as a sanction for the misconduct. However, before prison officials can remove an inmate from a job position for a work-related misconduct, they must follow the procedure set forth in subsection (b) of the regulation. *Williams*, 178 A.3d at 924. The procedure includes: (1) written notice of the charges; (2) a hearing before an impartial hearing examiner or, at the option of the inmate, an informal resolution process for charges specified in the Department's Inmate Handbook; (3) an opportunity for the inmate to tell his story and present relevant evidence; (4) assistance from an inmate or staff member at the hearing if the inmate is unable to collect and present evidence effectively; (5) a written statement of the decision and reasoning of the hearing body based upon the preponderance of the evidence; and (6) an opportunity to appeal the decision in accordance with the Inmate Handbook. 37 Pa. Code § 93.10(b).

Here, there is no question that a hearing was conducted pursuant to the Department's misconduct procedures for which Petitioner had notice and an

---

[3] Even if we determine there to be no due process violation, an inmate may still allege a cause of action for a violation of the procedural requirements provided in 37 Pa. Code § 93.10(b). In *Bush*, this Court held that "before the Department can impose any sanction, it must follow the procedure set forth in [37 Pa. Code § 93.10(b)]." In *Williams v. Wetzel*, 178 A.3d 920 (Pa. Cmwlth. 2018), we relied upon *Bush* to overrule the Department's preliminary objections to an inmate's petition for review because prison officials removed the inmate from his job without first "follow[ing] the procedure set forth in [37 Pa. Code § 93.10(b)]." 178 A.3d at 932 (quoting *Bush*, 1 A.3d at 984).

opportunity to present a written version of the events. (Petition, Exs. E, F.) With regard to his right to "present relevant evidence," Petitioner complains that the hearing examiner "denied [his] request for additional witnesses ([Inmate] Mark Brutcher Jr. NM1640)." (Petition, ¶ A.) In his written version of events, Petitioner stated that "Inmate Mark Brutcher MM1640 can testify to the fact that after Lt. Copchik left the sewing room, no [correctional officers] entered the sewing room again **to give me any orders** because he was right outside the sewing room the whole time." (Petition, Ex. E) (emphasis added). Petitioner does not explain how he possibly could have suffered a deprivation of process by the absence of Mr. Brutcher's testimony because Mr. Brutcher's proffered testimony goes to the charge of "refusing to obey an order" and **that charge was dismissed**. (Petition, Ex. F.) Petitioner does not identify any other witness who was purportedly excluded from the hearing who would have presented exculpatory or relevant evidence regarding the charge of lying to an employee, which is the only charge of which he was found guilty. Therefore, we find that Petitioner has failed to state a claim for a violation of his statutory right to present relevant evidence.

As to Petitioner's claim that the hearing examiner improperly utilized his admissions to find him guilty on a separate charge, Petitioner has failed to identify any authority to suggest that conduct is either prohibited or actionable. With regard to Petitioner's claim that he was found guilty of a charge "not appearing in DC-ADM801," he is mistaken. The exhibits appended to the Petition reflect that Petitioner was found guilty of the charge of lying to an employee, which is reflected in Department policy DC-ADM 801, Section 1, Attachment 1-A.2.

Accordingly, we conclude that Petitioner has not stated a cause of action for a violation of the procedural process he was due under the Department's regulations and sustain the Department's preliminary objection to this claim.

10

## C. **Demurrer to Claims that Department Violated DC-ADM 801**

The Department's third preliminary objection is that Petitioner has failed to establish a clear legal right to relief based on alleged violations of the internal policies set forth in DC-ADM 801.

Allegations that the Department failed to follow its internal policies cannot support a claim based upon a vested right or duty because they do not create enforceable rights in a state prison inmate. *Weaver v. Pennsylvania Department of Corrections*, 829 A.2d 750 (Pa. Cmwlth. 2003). DC-ADM 801, Section VI specifically disclaims that it does not create rights in any person. It explicitly provides: "This policy does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual." DC-ADM 801 § VI. *Dantzler v. Wetzel*, 218 A.3d 519, 523 (Pa. Cmwlth. 2019) (citing *Weaver*, 829 A.2d at 753); *Dunbar v. Wetzel* (Pa. Cmwlth., No. 75 M.D. 2019, filed January 21, 2020). Thus, Petitioner has failed to establish any enforceable right established by DC-ADM 801.

## IV. Conclusion

For the foregoing reasons, we sustain the Department's preliminary objections and dismiss the Petition with prejudice. The portion of the Petition addressed to this Court's appellate jurisdiction is quashed.

_____
PATRICIA A. McCULLOUGH, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alexandr Remorenko,          :
         Petitioner          :
         :
         v.          :    No. 520 M.D. 2023
         :
Pennsylvania Department of          :
Corrections,          :
         Respondent          :

## ***ORDER***

AND NOW, this 7th day of August, 2025, the Preliminary Objections filed by the Pennsylvania Department of Corrections are SUSTAINED and Petitioner Alexandr Remorenko's Petition for Review is DISMISSED with prejudice. The portion of the Petition for Review addressed to this Court's appellate jurisdiction is QUASHED.

_____
PATRICIA A. McCULLOUGH, Judge