IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Graziano,                          :
                        Petitioner        :
                                          :
            v.                            : No. 156 M.D. 2024
                                          : Submitted: August 8, 2025
Pennsylvania Department of                :
Corrections, Laurel R. Harry, Derek       :
Oberlander, William Nicklow,              :
Michael Gourley, Douglas Dickey,          :
Deborah Alvord, John Rivello, and         :
C/O Benning,                              :
                        Respondents  :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                          FILED:  October 23, 2025


        Edward Graziano (Graziano), *pro se*, has filed an amended petition for review
in our original jurisdiction, entitled "Amended Action for Declaratory Judgment"
(Petition).  Graziano argues the Pennsylvania Department of Corrections and its staff
members (Department) violated a policy permitting inmates to possess extra storage
boxes for legal materials relating to active cases and retained possession of his other
personal property without a post-deprivation process.  Graziano also filed a "Motion
for Discontinuance Pursuant to Pa.R.C.P. 229," seeking leave to discontinue several
additional requests for relief.  The Department responds with preliminary objections

in the nature of a demurrer. After careful review, we grant the motion to discontinue, sustain the preliminary objections, and dismiss the Petition with prejudice.

## BACKGROUND

Graziano filed his Petition in this Court on October 4, 2024,[1] averring he is an inmate in the Department's custody. Pet., 10/4/24, ¶ 1. On September 9, 2019, while incarcerated at the State Correctional Institution (SCI) at Forest, Graziano asserts he received a "legal property exemption" under Department policy DC-ADM 815 that allowed him to possess three extra storage boxes beyond the normal limit for inmates for the purposes of storing legal materials relating to his active cases. *Id.* ¶¶ 11-12, 21. Graziano alleges he was transferred to SCI Camp Hill on July 1, 2021. *Id.* ¶ 22. While at SCI Camp Hill, Graziano received an amended exemption that also allowed him to possess three extra storage boxes. *Id.* ¶¶ 25-26. Graziano sought an amended exemption because he had filed a new lawsuit and wanted to store materials relating to the lawsuit in his storage boxes. *Id.* ¶¶ 24-26.

Graziano avers he was confined to a psychiatric observation cell at SCI Camp Hill on October 21, 2022. Pet., 10/4/24, ¶ 34. Subsequently, on November 4, 2022, Corrections Officer Benning (Benning) approached Graziano and explained he had been directed to bring Graziano into "property compliance." *Id.* ¶ 37. According to Graziano, he explained to Benning that other staff members had already brought him into compliance, and that he had a legal property exemption. *Id.* ¶ 38. Benning said he would make "some calls" to investigate the matter but later returned and insisted Graziano's exemption did not exist. *Id.* ¶ 39. Graziano alleges he asked Benning to

---

[1] Graziano initially filed this action in the Court of Common Pleas of Cumberland County, which transferred the matter to this Court by order dated March 19, 2024. After proceedings not relevant to our disposition, on October 4, 2024, Graziano filed a "Motion for Leave to File Amended Action for Declaratory Judgment" to which he attached his Petition. We granted the motion and accepted the Petition by order dated October 28, 2024.

2

place his three boxes of legal materials in facility storage pending verification of his exemption, and Benning agreed. *Id.* ¶ 40. Benning then inventoried and confiscated "most of Graziano's non-legal property." *Id.* ¶¶ 39-41.

On November 7, 2022, Graziano avers he returned to SCI Camp Hill's general population. Pet., 10/4/24, ¶ 44. Benning provided Graziano with a footlocker and a storage box, which he stated contained Graziano's remaining property. *Id.* Graziano asserts he did not accept the footlocker or storage box because Benning did not allow him to inventory his property before accepting it and did not provide him with certain forms. *Id.* ¶¶ 44-45. Rather, Graziano requested that Benning place the footlocker and storage box in facility storage with his legal materials while Graziano attempted to compel "a proper property inventory," recover the items Benning confiscated, and confirm his legal property exemption. *Id.* ¶ 45. Benning agreed to place the property in storage but stated pursuing grievances on these matters would be a waste of time. *Id.* ¶ 46.

Graziano avers he was transferred to SCI Mahanoy on January 31, 2023. Pet., 10/4/24, ¶ 59. Before the transfer, Graziano asked that Benning forward his property in facility storage at SCI Camp Hill. *Id.* ¶ 57. However, Benning refused to forward the property unless a judge ordered him to do so. *Id.* ¶ 58. Graziano alleges he made several efforts to recover his property from SCI Camp Hill, which included filing a grievance, sending letters and inmate requests, and obtaining an order from the Court of Common Pleas of Forest County.[2] *Id.* ¶ 48, 60-67. Ultimately, Graziano contends

---

[2] The Department's final grievance response informed Graziano his legal property exemption had expired on September 20, 2022, and "encouraged" him "to communicate with SCI Camp Hill staff to arrange receipt of" his property. Pet., 10/4/24, Ex. D. Graziano asserts he sent letters and inmate requests to the SCI Camp Hill grievance coordinator, Secretary of Corrections Harry, and the SCI Mahanoy grievance coordinator. *Id.* ¶¶ 61-68. Further, Graziano avers he requested a preliminary injunction in a pending case before the Court of Common Pleas of Forest County, which prompted
**(Footnote continued on next page…)**

3

he received three storage boxes from SCI Camp Hill on September 28, 2023, which included "most but not all of [his] legal property." *Id.* ¶ 69. Graziano did not receive any of his remaining personal property. *Id.* ¶ 70. While at SCI Mahanoy, Graziano received a legal property exemption for three extra storage boxes. *Id.* ¶¶ 74-75.

Finally, Graziano was transferred to SCI Huntingdon on December 22, 2023. Pet., 10/4/24, ¶ 76. Graziano avers he tried to "register" his legal property exemption for three extra storage boxes with SCI Huntingdon Superintendent Rivello (Rivello) but received an exemption for one extra storage box instead. *Id.* ¶¶ 78-80. Graziano asserts he spoke to Rivello, who informed him that exemptions do not follow inmates from one facility to another. *Id.* On May 26, 2024, SCI Huntingdon staff confiscated four boxes of Graziano's legal materials. *Id.* ¶ 81. Graziano avers he raised the issue with Rivello on June 6, 2024, explaining he could not litigate his active cases without the materials. *Id.* ¶ 82. Graziano alleges Rivello replied by saying: "That's the goal Numbskull! I'm not going to make it easy for you to win lawsuits and to continue to file lawsuit after lawsuit against us. So you have to ship or destroy your excess legal property." *Id.*

Graziano's Petition concludes with an extensive prayer for relief, in which he requests a declaratory judgment interpreting DC-ADM 815 such that a legal property exemption will transfer between facilities without the need to reapply and remain in effect so long as the inmate's "active cases" remain "active" and the inmate complies with DC-ADM 815's underlying requirements. Pet., 10/4/24, Wherefore Clause (a)-(e). Graziano requests a declaration that his exemptions for three extra storage boxes confer "a limited property interest," do not contain expiration dates or state they are valid only for a particular facility, and remain in effect subject to certain exceptions.

that court to issue a February 27, 2023 order directing SCI Camp Hill to "return [Graziano's] legal case file . . . in order that [Graziano] may litigate the case." *Id.* ¶ 62, Ex. H.

*Id.*, Wherefore Clause (g), (m)-(n).  Finally, Graziano asks that we declare he "was entitled to a post-deprivation process" regarding his property at SCI Camp Hill.[3]  *Id.*, Wherefore Clause (h).

The Department filed its preliminary objections in the nature of a demurrer on November 18, 2024.  The Department maintains Graziano lacks standing because he does not allege his legal property exemption "is under any threat to expire," nor does he allege he will be transferred to another facility where the exemption will no longer be in effect.  Prelim. Objs., 11/18/24, ¶¶ 46-51.  Moreover, the Department contends Graziano has not identified any enforceable legal rights because its policies do not create rights in inmates, and the relevant language of DC-ADM 815 is discretionary. *Id.* ¶¶ 52-61, 67-71, 85-91. The Department argues the inmate grievance system was an adequate post-deprivation remedy that provided Graziano with due process.[4]  *Id.* ¶¶ 72-77.

### DISCUSSION

In ruling on the preliminary objections, this Court will "accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments."  *Williams v. Wetzel*, 178 A.3d 920, 923 (Pa. Cmwlth. 2018).  This Court need not accept legal conclusions, unwarranted factual inferences, argumentative allegations, or expressions of opinion.  *Id.*  We will sustain

---

[3] Graziano's Petition includes several other requests for relief, arguing the Department "assum[ed] ownership" of, and is liable for, his remaining property at SCI Camp Hill, which violated his right to due process and constituted conversion, theft, and a violation of the Department Code of Ethics. Pet., 10/4/24, Wherefore Clause (f), (i), (j), (k), (l).  On March 27, 2025, Graziano filed a "Motion for Discontinuance Pursuant to Pa.R.C.P. 229," asking to discontinue these requests for relief.  The Department has not responded to Graziano's motion, and we discern no prejudice.  Thus, we grant the motion, and we do not address these requests for relief on the merits.

[4] Graziano filed a brief in response to the preliminary objections, which this Court docketed as an answer, on December 12, 2024.

the preliminary objections if it "appear[s] with certainty that the law will not permit recovery," and we must resolve all doubts in Graziano's favor. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).

**Legal property exemption**

We begin with Graziano's request for a declaratory judgment interpreting DC-ADM 815 and directing his legal property exemptions for three storage boxes remain in effect. In relevant part, Graziano relies on Section 3(B)(1), (11) of DC-ADM 815, which provides:

> **B. Accumulation of Items – Cell Content Limitations**
>
> > 1. An inmate in general population is permitted storage space equal to four records center boxes. This space may consist of four records center boxes or one footlocker and two records center boxes. In a cell with a built-in, or freestanding storage cabinet, the inmate is permitted to use that space and either two records center boxes or one footlocker.
> >
> > . . . .
> >
> > 11. The Facility Manager may permit an inmate to maintain extra storage boxes for legal materials for active cases:
> >
> > > a. the only legal material permitted will be court filings, transcripts, notes of testimony, and notes prepared by the inmate. This does not include reference materials, books, or photocopied cases;
> > >
> > > b. excess legal materials will be stored in a separate box marked "Legal Materials Only;"
> > >
> > > c. the inmate must send a DC-135A, Inmate Request to Staff Member, to the Facility Manager/designee requesting permission to

maintain extra storage boxes for legal materials. The DC-135A must describe the legal materials defined in Subsection B.11.a. above; and

d. if approved by the Facility Manager/designee, a copy of the DC-135A shall be forwarded to the Property Officer; the number of boxes permitted and a brief description of the contents shall be noted on the inmate's DC-153.

DC-ADM 815, Section 3(B)(1), (11) (emphasis and footnote omitted).[5]

Graziano also directs our attention to Section 1(C)(4)(a)-(b) of DC-ADM 815, addressing transfers of inmate property between facilities:

**C. Handling of Property for Transfers**

. . . .

4. Facility Transfers

a. When an inmate is scheduled for transfer to another facility, he/she will be permitted a maximum of two records center boxes and a television box for shipment on the bus/van. One standard size footlocker may be substituted for the two boxes.

b. If an inmate's personal property requires additional standard boxes, the inmate shall be informed that additional boxes (two additional boxes for permitted cell contents items, and any additional boxes of authorized legal materials) will be shipped by the least expensive common carrier available (U.S. Mail, UPS, etc.) to the receiving facility, or to an address of the inmate's choice at the

[5] The Department's policies, including DC-ADM 815, are generally available through its website at https://www.pa.gov/agencies/cor/about-us/doc-policies.

7

inmate's expense, or the items are to be destroyed. The Facility Manager may approve an exception for an indigent inmate in extraordinary circumstances.

DC-ADM 815, Sections 1(C)(4)(a)-(b) (footnote omitted).[6]

We have explained that allegations the Department "failed to adhere to its own policies and regulations do not state a claim for relief." *Paluch v. PA Dep't of Corr.*, 175 A.3d 433, 437 (Pa. Cmwlth. 2017). These policies and regulations "usually do not create rights in prison inmates." *Shore v. Dep't of Corr.*, 168 A.3d 374, 386 (Pa. Cmwlth. 2017). Moreover, even if DC-ADM 815 did create rights, the language on which Graziano relies would not support his claim. DC-ADM 815, Section 3(B)(11) provides a facility manager "may permit" extra storage boxes. The decision to grant or deny extra storage boxes is within the discretion of the facility manager. Although DC-ADM 815 Section 1(C)(4)(b) contemplates transferring legal materials between facilities, it does not obligate a facility manager to accept a legal property exemption issued at another facility. Further, it does not bar a facility manager from rescinding any legal property exemptions he or she previously approved.

Graziano contends in his brief that the Department is interpreting and applying DC-ADM 815 in a manner that abridges "on his property rights, right of petition and other legal relations." Graziano's Br. at 27. We recognize the Department's policies are not "automatically valid." *See Iseley v. Beard*, 841 A.2d 168, 173 (Pa. Cmwlth. 2004). If a policy infringes on an inmate's constitutional rights, it will be valid only

---

[6] In his Petition, Graziano also cites to Section 2(A)(6)(a)-(b) of DC-ADM 815, which he contends permits an inmate who has been transferred "to keep items listed on his or her DC-153 form." Pet., 10/4/24, ¶ 16. It appears Graziano is referring to Section 2(A)(7)(a)-(b) of DC-ADM 815, which provides, with emphasis omitted, that "[w]hen an inmate transfers to a facility that does not permit an item previously approved at another facility, the inmate will be permitted to keep the item, as long as the item is noted on the inmate's DC-153 as noted above." However, Section 2(A) applies to purchases at the commissary and does not address legal materials relating to active cases.

8

when "it is reasonably related to legitimate penological interests." *Id.* (quoting *Shaw v. Murphy,* 532 U.S. 223, 229 (2001)). Nonetheless, we have explained policies that place limits "on materials, including legal materials, that may be kept in an inmate's cell are reasonably related to the legitimate penological goals of safety, security and fire hazard concerns." *Id.* at 174 n.11 (quoting *Hackett v. Horn*, 751 A.2d 272, 275 (Pa. Cmwlth. 2000)).

Thus, DC-ADM 815 confers no enforceable rights on Graziano and would not support his requested relief even if it did. To the extent the Department's application of DC-ADM 815 and decision to limit Graziano's possession of extra legal materials infringes on his constitutional rights, our precedent establishes these limitations are reasonably related to legitimate penological goals. *See also Rytsar v. Overmyer* (Pa. Cmwlth., No. 571 M.D. 2022, filed Sept. 9, 2024) (dismissing an action challenging, in part, the decision limiting Rytsar to one extra storage box of legal materials).[7] We conclude Graziano has failed to state a claim for which relief may be granted.[8]

**Post-deprivation process**

Next, we consider Graziano's request for a declaration that he is entitled to a post-deprivation process regarding his property at SCI Camp Hill. As this Court has explained:

> The amount of process due depends on the context presented. It is now a bedrock principle that post-deprivation remedies satisfy the due process clause where the situation dictates that the State take immediate action or it is impracticable to provide any meaningful pre-deprivation process. When a prison official confiscates a prisoner's property in an allegedly unauthorized way, whether it be negligently or

---

[7] We may cite to our unreported memorandum opinions filed after January 15, 2008, for persuasive value. *See City of Phila. v. 1531 Napa, LLC*, 333 A.3d 39, 47 n.6 (Pa. Cmwlth. 2025).

[8] Based on this disposition, we do not consider the Department's additional argument that Graziano lacks standing.

9

intentionally, due process requires only the existence of an adequate post-deprivation remedy because it is not feasible for a prison to provide a hearing prior to taking property that is perceived to be contraband or against prison regulations.

*Shore*, 168 A.3d at 383 (citations and quotation marks omitted). Moreover, we have concluded the inmate grievance system is an adequate post-deprivation process for "claims that the Department unlawfully withheld and/or confiscated property." *Id.*

We agree with Graziano he is entitled to a post-deprivation process regarding his property at SCI Camp Hill, but Graziano's own averments establish he had access to such a process through the inmate grievance system. Graziano argues in his brief that the Department did not take "ownership" of his property until after the grievance process ended by withholding the property rather than returning it to him or allowing him to ship the property to an address of his choosing. Graziano's Br. at 12-13. This argument is contrary to Graziano's Petition, which states the Department confiscated a portion of his property and agreed to store the rest, *after which* he filed a grievance. Pet., 10/4/24, ¶¶ 40-48. Graziano's "mere dissatisfaction with the outcome . . . does not equate to a denial of due process."[9] *See Shore*, 168 A.3d at 385 (quoting *Fennell v. Goss* (Pa. Cmwlth., No. 1198 C.D. 2015, filed Feb. 5, 2016), slip op. at 4). Thus, Graziano has failed to state a claim for which relief may be granted.

## CONCLUSION

Based on the foregoing, we conclude Graziano failed to state a claim for which relief may be granted that the Department violated DC-ADM 815 and deprived him

---

[9] Although Graziano maintains he was unable to obtain his property from SCI Camp Hill after the Department's grievance response encouraged him to do so, his averments indicate SCI Camp Hill retained the property because of the preliminary injunction order entered in the Court of Common Pleas of Forest County. Pet., 10/4/24, ¶¶ 60-68. To the extent the Department is retaining property because of its interpretation of a court order entered in a different matter, the correct interpretation of that order is not before us. Further, the existence of such an order does not negate the fact that Graziano received a post-deprivation process through the inmate grievance system.

10

of a post-deprivation process regarding his personal property at SCI Camp Hill. We also grant Graziano's motion to discontinue his other requests for relief. Therefore, we sustain the Department's preliminary objections and dismiss Graziano's Petition with prejudice.

_____
STACY WALLACE, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Graziano, : 
                    Petitioner : 
                          : 
        v. : No. 156 M.D. 2024
                          : 
Pennsylvania Department of : 
Corrections, Laurel R. Harry, Derek : 
Oberlander, William Nicklow, : 
Michael Gourley, Douglas Dickey, : 
Deborah Alvord, John Rivello, and : 
C/O Benning, : 
                Respondents : 

# **O R D E R**

**AND NOW**, this 23rd day of October 2025, the "Motion for Discontinuance Pursuant to Pa.R.C.P. 229" of Edward Graziano is **GRANTED**, and the preliminary objections of the Pennsylvania Department of Corrections, Laurel R. Harry, Derek Oberlander, William Nicklow, Michael Gourley, Douglas Dickey, Deborah Alvord, John Rivello, and C/O Benning are **SUSTAINED**. The "Amended Action for Declaratory Judgment" of Edward Graziano is **DISMISSED** with prejudice.

                                          _____

                                          STACY WALLACE, Judge